Parker C. J.
[After stating the pleadings.] This replication is undoubtedly bad upon general demurrer, for it is allowed only in cases of personal injury, where some excuse is set up by the defendant in his plea, and in some cases of trespass, where also a mere excuse for the ac,t done is set forth in the plea without any claim of title. So are all the authorities. See 1 Chit. Pl. 578 ; 1 Bos. & Pul. 76 ; 4 Johns. R. 150 ; 5 Johns. R. 112 ; 12 Johns. R. 491 ; Com. Dig. Pleader, F, 18, 19.
But the plea is also bad, for it alleges no act of the plaintiff which amounts to a breach of any covenant on his part, but merely an intention to do an act which might have that effect. This intention may never have been executed, and if it had been attempted, relief was open to the apprentice on habeas corpus, or some other process, or even by a forcible escape from the custody of the master, if he had seized the apprentice and confined him with a view to carry him out of the commonwealth ; for we think it very clear from all the authorities, that an indenture of apprenticeship gives no authority to the master to transport the apprentice beyond the jurisdiction within which the contract was entered into, and with reference to the laws of which the parties contracted. Cases have been decided in this commonwealth which recognise this restriction upon the rights of masters. Hall v. Gardner, 1 Mass. R. 172 ; Davis v. Coburn, 8 Mass. R. 299 ; Commonwealth v. Hamilton, 6 Mass. R. 273.[1] Such also is the law of England ; Coventry v. Woodhall, Hob. 134 ; and of Pennsylvania ; Commonwealth v. Edwards, 6 Binney, 202. *382 So that had the plea alleged an actual attempt to violate the personal liberty of the apprentice, as the cause of his leaving his master’s service, it would have been good ; so, perhaps, if it had been averred that the plaintiff had left the commonwealth with intention to remain beyond its jurisdiction and had continued absent down to the commencement of the suit, such facts would have made a good defence; but for aught which appears in the plea before us, the absence of the plain tiff may have been but temporary, without intention finally to abandon his business here, and there is shown no attempt to take the apprentice with him ; an elopement therefore cannot be justified, though it may be a question for the jury on the subject of damages, how much should be deducted on account of the absence of the master under circumstances which gave him no right to control the person or the services of the apprentice.

Plea adjudged bad.

 Randall v. Rotch, 12 Pick. 107.